UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
Patricia G. Hughes, et al.,                          :
                                                     :
                    Plaintiffs,                      :
                                                     :     05 Civ. 9085 (HB)
         - against -                                 :
                                                     :     <u>OPINION</u>
                                                     :     <u>AND</u> <u>ORDER</u>
BCI International Holdings, Inc., et al.,            :
                                                     :
                    Defendants.                      :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

Plaintiff Patricia Hughes ("Hughes"), on behalf of herself and her three minor children, brought this action for, *inter alia*, fraud in connection with her investment in a privately held start-up company. Defendants are, primarily, the founders, officers, and directors of that venture.

Since this Court's opinion regarding Defendants' motion to dismiss, see <u>Hughes v. BCI</u>, 452 F. Supp. 2d 290 (S.D.N.Y. Sept. 14, 2006), Defendants and several other parties have interposed cross-claims. Multiple summary judgment motions are now before this court on Plaintiffs' original claims and various cross-claims by various parties. I will address these motions *seriatim*, proving background only where necessary to reach a decision.[1]

---

[1] Additionally, because Plaintiffs recently reached a settlement with several Defendants, Defendants Edwards, Angell, Palmer & Dodge ("EAPD"), and attorney Roger Glenn ("Glenn"), have asked for leave of Court to amend their Answers to Plaintiffs' Amended Complaint to assert as an affirmative defense a "set-off" pursuant to N.Y. GEN. OBLIG. LAW § 15-108. Defendants Michael Cunningham ("M. Cunningham"), the Coach House Group (UK) Ltd. ("CHG"), The Sustainable Project Development Group, Ltd. ("Sustainable Projects"), SPDG Fibre International ("SPDG Fibre"), and SPDG Technologies, PLC ("SPDG Tech") (collectively, the "Cunningham Defendants"), and third-party Defendants John Cunningham ("J. Cunningham") and David Higson ("Higson"), concurrently ask for leave of Court to amend their Answers to Plaintiffs' Amended Complaint, BCI International Holdings, Inc. ("BCI") and Bio-Composites International, Inc.'s ("Bio-Comp") Cross-Claims, Defendants Marc Bruner ("Bruner"), Resource Venture Management AG ("RVM"), Kelly Nelson ("Nelson"), Equistar Capital, LLP ("Equistar"), and Carmen Lotito's ("Lotito") Cross-Claims, and Defendant David Saltman's ("Saltman") Cross-Claims.

Plaintiffs do not oppose these Defendants' request to amend their Answers to assert "set-off" as an affirmative defense. Plaintiffs aver, however, that Colorado law, not New York law, correctly applies to Defendants' "set-off" affirmative defense. Defendants disagree, and assert that New York law applies.

Defendants' request for leave of Court to amend their Answers to assert a "set-off" affirmative defense is

## I.     STANDARD OF REVIEW

A court will not grant a motion for summary judgment unless it determines that there is no genuine issue of material fact and the undisputed facts are sufficient to warrant judgment as a matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The moving party bears the burden of demonstrating the absence of a material factual question.  Anderson v. Liberty Lobby, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202. In determining whether there is a genuine issue of material fact, the Court must resolve all ambiguities, and draw all inferences, against the moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962) (per curiam); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987). However, a disputed issue of material fact alone is insufficient to deny a motion for summary judgment; the disputed issue must be "material [*19]  to the outcome of the litigation," Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986), and must be backed by evidence that would allow "a rational trier of fact to find for the non-moving party."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); see also Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992).

## II.     DISCUSSION

A. Plaintiffs' Motions vs. Cunningham Defendants and Cunningham Defendants' Cross-Motions

Plaintiff Hughes and her three minor children moved for summary judgment against Michael Cunningham ("M. Cunningham"), the Coach House Group (UK) Ltd. ("CHG"), The Sustainable Project Development Group, Ltd. ("Sustainable Projects"), SPDG Fibre International ("SPDG Fibre"), and SPDG Technologies, PLC ("SPDG Tech") (collectively, the "Cunningham Defendants") on the following claims: unjust enrichment (Plaintiffs' Sixth Claim), successor liability (Plaintiffs' First and Tenth Claims), promissory and equitable estoppel (Plaintiffs' Eleventh and Twelfth Claims),

---

granted – without, however, any ruling on which state's law applies to the "set-off" defense.  That ruling will be provided at a future date.

2

breach of fiduciary duty and trust (Plaintiffs' Seventeenth Claim, vs. M. Cunningham only), avoidance of fraudulent transfer or conveyance (in the alternative) (Thirteenth and Fourteenth Claims), and various remedies, if summary judgment is granted on any of the above claims (Sixteenth Claim).

The Cunningham Defendants have cross-moved for summary judgment on the above claims, and additionally, moved for summary judgment to dismiss Plaintiffs' claims for fraud (Plaintiffs' Second Claim), negligence (Plaintiffs' Third Claims), negligent misrepresentation (Plaintiffs' Fourth Claim), intentional concealment or negligent nondisclosure (Plaintiffs' Fifth Claim), respondeat superior (Plaintiffs' Eighth Claim), and "veil piercing" (Plaintiffs' Fifteenth Claim), and to dismiss Plaintiffs' claims for consequential or punitive damages.

Because genuine issues of material fact exist as to all the above claims, summary judgment is denied to both parties on all these claims.

  B. <u>Cunningham Defendants' Motions vs. BCI and Bio-Comp</u>

Defendants BCI International Holdings, Inc. ("BCI") and Bio-Composites International, Inc. ("Bio-Comp") interposed several cross-claims against the above-mentioned Cunningham Defendants, as well as third-party defendants David Higson ("Higson") and John Cunningham ("J. Cunningham").

The Cunningham Defendants, as well as Higson and John Cunningham, subsequently moved for summary judgment to dismiss BCI's and Bio-Comp's cross-claims for breach of fiduciary duty (against Michael and John Cunningham) and aiding and abetting breach of fiduciary duty (against Higson and the remaining "Cunningham Defendants"), theft and diversion of corporate assets (against the Cunningham Defendants), conversion (against the Cunningham Defendants), unjust enrichment (against the Cunningham Defendants), and prima facie tort (against the Cunningham Defendants).

Because genuine issues of fact exist as to all the above claims, the Cunningham Defendants and Higson and John Cunningham's motion for summary judgment is denied on all these claims.

  C. <u>Edwards, Angell, Palmer & Dodge and Glenn's Motions vs. Plaintiffs</u>

The law firm Edwards, Angell, Palmer & Dodge ("EAPD"), and attorney Roger Glenn ("Glenn"), who also served as a BCI director, have moved for summary judgment to dismiss Plaintiffs' remaining claims against them, namely, negligent misrepresentation (against Glenn), unjust enrichment (against Glenn and EAPD), vicarious liability (against EAPD), fraudulent conveyance (against EAPD), breach of fiduciary duty (against Glenn), and for an accounting (against Glenn and EAPD). Plaintiffs' allegations center on the fact that Glenn helped prepare the private placement memorandum that Hughes reviewed before she invested in BCI, and that when EAPD's legal fees were paid, EAPD was (allegedly) unjustly enriched at the expense of other creditors (namely, Hughes) while BCI was insolvent.

Because genuine issues of fact exist as to all the above claims, EAPD and Glenn's motion for summary judgment is denied on all these claims.

D.  Bruner Defendants' Motions vs. Cunningham Defendants

Defendants Marc Bruner ("Bruner"), Resource Venture Management AG ("RVM"), Kelly Nelson ("Nelson"), and Equistar Capital, LLP ("Equistar") (collectively, the "Bruner Defendants") have moved for summary judgment to dismiss the Cunningham Defendants' cross-claims against them, namely, for fraud and for indemnification.[2,3]

I hereby dismiss the Cunningham Defendants' cross-claims against Bruner and RVM for fraud, and against Bruner, RVM, Nelson, and Equistar for indemnification. The Bruner Defendants' motion for summary judgment on the Cunningham Defendants' remaining cross-claims is denied.

*1.  Fraud Claims*

The Cunningham Defendants' fraud claims against the Bruner Defendants stem from a March 19, 2003 agreement between RVM (signed by Bruner), Equistar (signed by Nelson), and SPDG (signed by Michael Cunningham) in which RVM was granted an

---

[2] On November 20, 2006, the Bruner Defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Cunningham Defendants' cross-claims. I held that motion in abeyance pending the submission of these summary judgment motions.

[3] David Saltman ("Saltman") has joined, without additional argument, to all of these Bruner Defendants' motions against the Cunningham Defendants' cross-claims. Because it is difficult, without argument, to evaluate the merits of the Cunningham Defendants cross-claims against Saltman, I decline to grant summary judgment on Saltman's motion at this time.

4

"option" to purchase SPDG's stock in South African and Spanish projects which SPDG controlled through subsidiaries, and Equistar was tasked to raise $4 million of bridge financing for BCI.  Feb. 13, 2007 Affidavit of Michael Cunningham ("Cunningham Aff."), Ex. A.  Both RVM and Equistar agreed to use their "best efforts" to secure additional bridge debt financing.  Id.  As Cunningham points out, the agreement precluded SPDG from selling any equity interest in its "global fibre business" to another party while RVM's option remained open.  Id.

The Cunningham Defendants characterize their fraud cross-claims as twofold.  First, Cunningham alleges that Bruner and Nelson (on behalf of their respective companies) fraudulently induced the Cunningham Defendants to rely solely on them to raise the balance of the funds for the South African and Spanish projects.  Secondly, Cunningham alleges that Bruner and Nelson (on behalf of their respective companies) continued to fraudulently represent that financing was imminent, thus inducing Cunningham to invest more money into the South African and Spanish projects in reliance.

The Cunningham Defendants' fraud claims against Bruner and RVM, however, fail for the simple reason that Cunningham fails to identify in his cross-claims specific misrepresentations made by either Bruner or RVM.[4]  See J.A.O. Acquisition Corp. v. Stavitsky, 18 A.D.3d 389, 391 (N.Y. App. Div. 2005) (fraud claims dismissed on summary judgment where no evidence put forth that defendants made statements to plaintiffs).

Cunningham counters that he was denied the opportunity to depose Bruner and RVM for a second time so as to specifically conduct discovery on his cross-claims against Bruner and RVM.  Magistrate Judge Henry Pitman, on February 13, 2007, denied Cunningham's request as untimely.  I subsequently denied Cunningham's Rule 72(a) objection to Magistrate Pitman's Order on February 26, 2007.  Cunningham still requests to hold Bruner and RVM's motion for summary judgment in abeyance pending the deposition of Bruner.  I see no reason to do so, nor to disturb this Court's and Magistrate Pitman's rulings.  Cf. Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir.

---

[4] See Amended Answer and Cross-Claims of the Coach House Group (UK) Ltd., The Sustainable Projects Development Group, Ltd., SPDG Fibre International, SPDG Technologies, PLC, and Michael J. Cunningham, October 26, 2006, at ¶ 427.

5

1994) ("[r]equests for discovery in the face of motions for summary judgment put forth by parties who were dilatory in pursuing discovery are disfavored…").

Bruner and RVM's motion for summary judgment to dismiss the Cunningham Defendants' cross-claims for fraud is granted.[5]

### 2. *Indemnification Claim*

Bruner, RVM, Nelson, and Equistar move for summary judgment to dismiss the Cunningham Defendants' cross-claims against them for indemnification.

"The predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee." Sotheby's Fin. Servs. v. Baran, 2003 U.S. Dist. LEXIS 13079, at *36 (S.D.N.Y. 2003), citing Trustees of Columbia Univ. v. Mitchell/Giurgola Assocs., 109 A.D.2d 449, 452-53 (N.Y. App. Div. 1985). "Unlike a contribution theory, where multiple tortfeasors are forced to share the liability to an injured party for the same harm, a claim for indemnification shifts the entire liability from one party to another." Sabater v. Lead Indus. Ass'n, 2001 U.S. Dist. LEXIS 14758, at *14 (S.D.N.Y. 2001), citing Guzman v. Haven Plaza Hous. Dev. Fund, 509 N.E.2d 51, 54 (N.Y. 1987). Accordingly, "[i]n order for a claim for indemnification to exist, a party must have an express right to indemnification by way of a contract, or a special relationship between the parties must exist such that a right to indemnification is implied." Sotheby's Fin. Servs. v. Baran, 2003 U.S. Dist. LEXIS 13079, at *36-37. Examples of such special relationships include "employer/employee, building owner/independent contractor, and motor vehicle owner/negligent driver." Id.[6]

The Cunningham Defendants have alleged no express right to indemnification

---

[5] Because Cunningham has identified specific statements made by Nelson, Nelson and Equistar's motion for summary judgment to dismiss the Cunningham Defendants' fraud cross-claims is denied.

[6] The Cunningham Defendants argue that "while relative fault theory underlies both indemnification at law and contribution, what distinguishes the two is a matter of degree." See Memorandum in Opposition to Motion by Bruner Cross Defendants for Summary Judgment Dismissing UK Defendants' Cross-Claims, at 18. The Cunningham Defendants are incorrect. As noted above, what distinguishes indemnification from contribution is the existence of an express or implied contractual obligation to indemnify, which is not present here. See Rosado v. Proctor & Schwartz, Inc., 484 N.E.2d 1354, 1356 (N.Y. 1985) ("Contribution arises automatically when certain factors are present and does not require any kind of agreement between or among the wrongdoers. Indemnity, on the other hand, arises out of a contract which may be express or may be implied in law to prevent a result which is regarded as unjust or unsatisfactory.") (citations omitted).

from Bruner, RVM, Nelson, or Equistar arising from contract. Nor have the Cunningham Defendants alleged a "special relationship" between themselves and Bruner, RVM, Nelson, or Equistar that would give rise to an implied right to indemnification. Accordingly, the motion by Bruner, RVM, Nelson, and Equistar to dismiss the Cunnningham Defendants' cross-claims against them for indemnification is granted.

The remaining motions by the Bruner Defendants to dismiss the Cunningham Defendants' cross-claims are denied because genuine issues of material fact exist.

### III.  CONCLUSION

Trial of the remaining claims and cross-claims in this matter will commence on April 3, 2007, in accordance with this Opinion. The Clerk of the Court is directed to close these motions and remove them from my docket.

**SO ORDERED.**
March __, 2007
New York, New York

*/s/ Harold Baer*
U.S.D.J.

7